UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL JOHNSON, | ) | Case No. 1:14 -cv- 1674 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| RIVER ROAD RESTAURANTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant River Road Restaurants,' LLC, ("River Road") Motion to Dismiss (Doc. # 6) Plaintiff Carol Johnson's Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure. For the following reason, the Motion is **GRANTED** and the case is dismissed.

**I.**

According to the Complaint, Plaintiff worked for River Road at its IHOP franchise located in Bedford, Ohio ("Bedford IHOP"). Plaintiff alleges that on November 20, 2010, the Regional Manager of River Road told one of Plaintiff's co-workers that Plaintiff "would not be safe at the Bedford IHOP because the store employs mostly black employees." Plaintiff alleges that on or about March 21, 2011, she filed a charge of discrimination with the EEOC, and that as a result River Road retaliated against her by reducing her hours. On July 30, 2014, Plaintiff filed a Complaint in this Court against River Road. The caption of the Complaint reads "Complaint of Discrimination and Retaliation Against Bedford IHOP Franchise Pursuant to Title VII of the Civil Rights Act of 1991." In addition to Plaintiff's Title VII claims, Plaintiff appears to be

bringing a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"). Although Plaintiff does not expressly assert a cause of action under the ADEA, she requests relief in the form of an abatement order "requiring defendants to abate and refrain from an[y] further violations of the Age Discrimination in Employment Act."

On October 15, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff has failed to sufficiently allege that she exhausted her administrative remedies and (2) Plaintiff filed her complaint outside of the applicable statute of limitation period.[1]

Before a plaintiff can file a federal lawsuit under either Title VII or the ADEA, she must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC, or with the appropriate state agency. *See McCrary v. Ohio Civil Service Employees Ass'n. Local 11 AFL-CIO,* 18 Fed. Appx. 281, 283-84 (6th Cir. 2002) (unpublished opinion) (citations omitted); *Hoover v. Timken*, 30 Fed. Appx. 511, 513 (6th Cir. 2002) (unpublished opinion). Although the Complaint states that Plaintiff filed a charge of discrimination with the EEOC on or about March 21, 2011, Plaintiff fails to state the nature of the discrimination, the outcome of the charge, whether she ever received, or when she received, a notice from the EEOC of her right to sue prior to instituting the instant action. Thus, Plaintiff's Complaint does not sufficiently allege that she exhausted her administrative remedies. *McCrary v. Ohio Civil Servie Employees Ass'n Locoal 11 AFL-CIO,* 18 Fed. Appx. at 283-84 (dismissing plaintiff's complaint where the plaintiff did not allege that he "obtained a right to sue letter with regard to any of the specific

---

[1] Per Local Rule 7.1(d), a memorandum in opposition to a dispositive motion is due 30 days after service of a dispositive motion. As of November 25, 2014, well beyond 30 days from October 15, 2014, Plaintiff has failed to file a response to Defendant's Motion to Dismiss, or a motion for additional time to file a response.

claims that are the subject of his present suit'). Accordingly, the Court hereby dismisses Plaintiff's Complaint without prejudice.

Defendant also moves to dismiss Plaintiff's Complaint on the ground that it is barred by the applicable statute of limitations. In order to withstand a motion to dismiss, a plaintiff filing a claim under Title VII or the ADEA is required to file a civil complaint within 90 days of receiving a notice of his or her right to sue from the EEOC. *Stewart v. Columbus S. Power,* No. 2:10-cv-232, 2010 U.S. Dist. LEXIS 65219, * 6 (S. D. Ohio Jun. 30, 2010) (citation omitted). Thus, if Plaintiff did in fact exhaust her administrative remedies, there is a strong inference that her case is barred by the applicable statute of limitations because more than three years have passed since Plaintiff alleges that she filed her charge with the EEOC.

**IT IS SO ORDERED.**

                                             */s/ Dan A. Polster    November 25, 2014*
                                             **Dan Aaron Polster**