**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CAROL JOHNSON,** ) | **Case No. 1:14 -cv- 1674** |
| ) | |
| **Plaintiff,** ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **RIVER ROAD RESTAURANTS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

This is a discrimination and retaliation case arising out of statements that were made to Plaintiff Carol Johnson's co-worker while Plaintiff was employed by Defendant River Road Restaurants, LLC, ("River Road") at its IHOP franchise in Bedford, Ohio ("Bedford IHOP"). Plaintiff alleges the following:

> [O]n November 20, 2010, [Plaintiff] was informed by a white, female coworker that the "Regional Manager"of River Road, Bob (last name unknown) stated to the coworker that "she would not be 'safe' at the Bedford location because the store employs mostly 'Black' employees." The Complaint goes on to allege that on "November 22, 2010, I was denied the opportunity by Manager, Chuck Misrendino to file a grievance."

Plaintiff alleges that on or about March 21, 2011, she filed a charge of discrimination with the EEOC, and that as a result River Road retaliated against her by reducing her hours. On July 30, 2014, Plaintiff filed a Complaint in this Court against River Road. The caption of the Complaint reads "Complaint of Discrimination and Retaliation Against Bedford IHOP Franchise Pursuant to Title VII of the Civil Rights Act of 1991." In addition to Plaintiff's Title VII claims, Plaintiff requests relief in the form of an abatement order "requiring defendants to abate and refrain from an[y] further violations of the Age Discrimination in Employment Act."

On October 15, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff has failed to sufficiently allege that she exhausted her administrative remedies and (2) Plaintiff filed her complaint outside of the applicable statute of limitation period ("Motion to Dismiss") (Doc. # 6). Plaintiff did not respond to Defendant's Motion to Dismiss within the 30-day time period prescribed by Local Rule 7.1(d). On November 26, 2014, the Court granted Defendant's Motion to Dismiss and dismissed the case without prejudice because Plaintiff failed to sufficiently allege that she exhausted her administrative remedies. (Doc. #8).

Then, on December 16, 2014, Plaintiff filed a Motion for Reconsideration asking the Court to reconsider its order dismissing the case because Plaintiff's counsel never received notice of the Motion to Dismiss(Doc. # 10). Plaintiff also filed a brief opposing Defendant's Motion to Dismiss (Doc. #11) and separately sent the Court a copy of Plaintiff's right-to-sue letter from the EEOC. The right-to-sue letter, dated April 30, 2014, advises Plaintiff that she has 90 days to file a private suit in federal court ("RTS letter"). Upon reviewing Plaintiff's filings and the RTS letter, the Court held a teleconference with counsel-of-record. During the teleconference, Defendant's counsel stated that, despite Plaintiff's right-to-sue letter, he still believed that Plaintiff's claims were insufficiently plead and time-barred. (12/22/2014, Minutes ). Accordingly, the Court granted Plaintiff's Motion for Reconsideration and directed Defendant to file a new motion to dismiss.

On January 16, 2015, Defendant filed a "Renewed Motion to Dismiss" (Doc. # 13) and,

-2-

on February 6, 2015, Plaintiff filed an Opposition Brief (Doc. # 17).[1]  (Doc. # 13).  For the following reasons, the Renewed Motion to Dismiss is Denied.

The bases of Defendant's Renewed Motion to Dismiss is the same as its original Motion to Dismiss.  Defendant argues that (1) Plaintiff has failed to sufficiently allege that she exhausted her administrative remedies under the ADEA and (2) that Plaintiff filed her complaint outside of the applicable statute of limitation period.  In response, Plaintiff contends that she is not bringing a claim under the ADEA, but, rather, is only bringing a race discrimination claim under Title VII.  (Doc. # 17 at p. 2) ("Because Plaintiff filed a race discrimination action under Title VII, this court need not consider whether Plaintiff alleged acts of age discrimination").  Thus, the Court denies as moot Defendant's argument that Plaintiff has failed to sufficiently allege that she exhausted her administrative remedies under the ADEA.  *See Thomas Sysco Food Services v. Martin,* 983 F.2d 60, 62 (January 12, 1993) ("A case will become moot when the requested relief is granted or no live controversy remains.").

As for Defendant's statute of limitations argument, the Court finds that Plaintiff filed the instant action within the statutorily proscribed limitations following her receipt of her right- to sue-letter.  Upon receiving a right-to-sue letter from the EEOC, a plaintiff has ninety days to bring a civil suit against the offending party.  42 U.S.C § 2000(e)-5(f)(1).  "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue letter] to the claimant's record

---

[1]Per the Court's order, Defendant had until February 20, 2015 to file a reply brief. (2/6/2015, non-document entry). On February 23, 2015, a member of the Court's staff contacted Robert Dubyak, defense counsel, and inquired about the status of the reply brief.  Mr. Dubyak stated that he did not plan on filing a reply brief on behalf of his client because he believed that the Renewed Motion to Dismiss adequately addressed all of the issues.

residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks of Art, Inc.,* 209 F.3d 552, 557 (6th Cir. 2000).

Here, Plaintiff's RTS letter is dated April 30, 2014 and she filed the instant action on July 30, 2014. This means that if the 90-day limitations period began running on April 30, 2014, Plaintiff's action is time-barred, however, if it began running on May 5th, 2014, the fifth day from April 30, 2014, it is not time barred. Defendant argues that the 90-day limitations period should have begun on April 30, 2014 because "a presumption in favor of receipt is **not** necessary in this case because the Court can infer that the plaintiff had knowledge of the right-to -sue letter prior to its mailing." (Doc. # 13 at 6). This argument is based on the content of Plaintiff's RTS letter. The letter states that the EEOC Investigator "has enclosed a copy of the documents that were sent out on 1/28/2014"and "has changed the [Plaintiff's] address in our records." According to Defendant, this language suggests that Plaintiff contacted the EEOC sometime prior to April 30, 2014 to provide an updated address and therefore she had notice of her right-to-sue on or before April 30, 2014. The Court disagrees. First, the fact that the letter acknowledges that the EEOC updated Plaintiff's address does not necessarily mean that the EEOC obtained this information from Plaintiff, and, even if she did contact the EEOC to provide an updated address, it does not necessarily follow that she was informed of her right-to-sue at that time. Second, Defendant assumes, without providing legal support, that it is sufficient for the EEOC to give notice telephonically, rather than by mailing a right-to-sue letter. However, as noted above, notice is "given ...on the fifth day following the EEOC's *mailing* of an RTS

notification," *Graham-Humphreys*, 209 F.3d at 557 (emphasis added).

For the above reasons, Defendant's Renewed Motion to Dismiss is denied. (Doc. # 13, 14). Furthermore, the Court directs the Plaintiff to file a copy of her RTS letter no later than 12:00 noon on Friday, February 27, 2015.

**IT IS SO ORDERED.**

                                              */s/ Dan A. Polster     February 25, 2015*
                                              **Dan Aaron Polster**